IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVE MILLER, BILL WESLEY, JANE KRANZ, KATHI YARBOROUGH, SANTIAGO RESTREPO, JAMES SALVATORI, SCOTT LYNCH, MAUREEN SCHECHTMAN, KEVIN WILLIAMS, TERRY WARD, LIDIA BRAVO, LILIYA KRASILNIKOVA, TOM MARTELLO, CARLOS RESTREPO, LOUISE SKINIOTES, ALEXANDER SKINIOTES, BRIAN PATTERSON, and CLIFF ASBURY,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL CITY CORPORATION, NATIONAL CITY BANK d/b/a NATIONAL CITY MORTGAGE, and, NATIONAL CITY MORTGAGE COMPANY<br><br>Defendant. | No:   08 CV 4016<br><br>Judge Lefkow<br>Magistrate Judge Denlow |

### MOTION FOR INJUNCTIVE RELIEF

Plaintiffs set forth above, by their attorneys, Bruggeman, Hurst & Associates, P.C., for their Motion for Injunctive relief against Defendants, National City Corporation, National City Bank d/b/a National City Mortgage, and National City Mortgage Company (hereinafter "National City"), state as follows:

1.   Plaintiffs at all relevant times were employed by the Defendants in Palos Heights, Illinois 60463.

2.   Defendants, National City, at all relevant times operated a business at 12800 South Ridgeland Avenue, Unit H, Palos Heights, Illinois 60463.

3. On or about June 6, 2008, Defendants, National City, suspended the Plaintiffs without notice or just cause.

4. On or about June 6, 2008, Defendants, National City, changed the locks at said National City Mortgage location in Palos Heights, Illinois.

5. On or about June 6, 2008, Defendants, National City, denied the Plaintiffs access to the National City Mortgage location in Palos Heights, Illinois.

6. On or about June 6, 2008, Defendants, National City, took possession of property at said National City Mortgage location in Palos Heights, Illinois, including, on information and belief, file cabinets, computers, phones, copy machines, printers, and fax machines.

7. On or about June 6, 2008, Defendants, National City, also took possession of various personal items of the Plaintiffs, including personal business files and personal computers.

8. Much of the property Defendants, National City, have taken possession of does not belong to National City, including the Plaintiffs' personal business files and personal computers.

9. Plaintiffs have not authorized Defendants, National City, to take, use, possess, access, or control the above-mentioned personal property.

10. On or about June 26, 2008, Plaintiffs demanded the immediate return of the above-mentioned property, including their personal computers, but Defendants failed and refused, and continue to fail and refuse to return the entirety of this property, including personal business files and personal computers, to Plaintiffs. A copy of Plaintiffs' written demand for return of the property is attached hereto as Exhibit 1 and made a part hereof.

11.     Plaintiffs' right to possession, control, and privacy in and of their personal property, has and will continue to be violated if Defendant continues in its refusal to return said items to the Plaintiffs.

12.     Plaintiffs have suffered irreparable harm both personally and professionally in not being able to use, possess, access, and control their personal property and will suffer further harm including a substantial loss of business if Defendant is allowed to continue denying Plaintiffs use, possession, access, and control of their personal property, including personal business files and personal computers.

13.     The Plaintiffs have suffered irreparable harm both personally and professionally, and as a result, there is no adequate remedy at law.

14.     As a result of the Defendants unlawfully denying the Plaintiffs use, possession, access, and control of their own property it is likely that the Plaintiffs will succeed after a hearing or trial on the merits.

WHEREFORE, Plaintiffs set forth above, pray that this Court grant their Motion for Injunctive Relief and deny the Defendants any use, possession, access, and control of the personal property of the Plaintiffs, including personal business files and personal computers. Plaintiffs further pray that this Court order the Defendants to immediately return all personal property of the Plaintiffs, including personal business files and personal computers.

BRUGGEMAN, HURST & ASSOCIATES, P.C.

By:_____/s/Alan R. Bruggeman_____
            One of Plaintiffs' Attorneys

BRUGGEMAN, HURST & ASSOCIATES, P.C.
Alan R. Bruggeman, ARDC No.: 324183
Attorney for Plaintiffs
20012 Wolf Road, Suite 200
Mokena, Illinois 60448
(708) 478-6900