IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVE MILLER, BILL WESLEY, JANE KRANZ, KATHI YARBOROUGH, SANTIAGO RESTREPO, JAMES SALVATORI, SCOTT LYNCH, MAUREEN SCHECHTMAN, KEVIN WILLIAMS, TERRY WARD, LIDIA BRAVO, LILIYA KRASILNIKOVA, TOM MARTELLO, CARLOS RESTREPO, LOUISE SKINIOTES, ALEXANDER SKINIOTES, BRIAN PATTERSON AND CLIFF ASBURY,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL CITY CORPORATION, NATIONAL CITY BANK D/B/A NATIONAL CITY MORTGAGE AND NATIONAL CITY MORTGAGE COMPANY,<br><br>    Defendants. | Case No. 08-CV-4016<br><br>Judge: Joan H. Lefkow<br><br>Magistrate Judge: Morton Denlow |

**DEFENDANTS' MOTION FOR A PRESERVATION AND INSPECTION ORDER**

Defendants National City Corporation, National City Bank, improperly named in the Complaint as d/b/a National City Mortgage, and National City Mortgage Company (collectively "Defendants" or "National City") respectfully move this Court for an Order directing preservation and inspection of all data stored on the computer hard drives and servers identified in Plaintiffs' Complaint (Compl. ¶¶ 12, 13, 14, 16, 18, 19, 20, 24). In support of this Motion, Defendants state as follows:

1.	Between approximately August 2007 and June 6, 2008, Plaintiffs were employees of National City Bank at its branch office located at 12800 South Ridgeland, Unit H, Palos Heights, Illinois.  (Steven Stapleton Declaration ¶ 2, attached hereto as Exhibit 1).  Plaintiffs were employed by National City Bank in a variety of job titles, including loan originator, and had the job responsibility of, among other things, soliciting mortgage loan clients and preparing mortgage loan applications for those clients and potential clients.  *Id.*  In the course of their job duties, Plaintiffs were required to, among other things, collect financial information from clients and potential clients, including bank statements, credit information, personal contact information, and debt and liability information.  *Id.*

2.	Prior to being employed by National City Bank, some or all of the Plaintiffs were employees of Legacy Home Mortgage ("Legacy").  *Id.*  Legacy also is in the business of originating home mortgage loans.  Legacy also operated out of office space at 12800 South Ridgeland, Palos Heights, Illinois.  *Id.*

3.	In approximately the spring of 2008, National City began an investigation of employees, including Plaintiffs, at the Palos Heights location for suspected fraudulent mortgage practices.  (Stapleton Dec. ¶ 3).  As a part of this investigation, on or about June 6, 2008, National City management personnel visited the Palos Heights location to interview employees.  *Id.*  During their visit, National City management personnel observed that a Legacy Home Mortgage office continued to operate in the office space adjacent to National City.  (Stapleton Dec. ¶ 4).  National City management personnel also observed an open walkway between National City's office and Legacy's office.  (Stapleton Dec. ¶ 5).  In addition, National City management personnel discovered a variety of Legacy promotional materials, marketing materials and letterhead throughout National City's office space.  *Id.*  National City management

personnel also observed approximately 14 computers and 2 servers in National City's office space that were not issued to the employees by National City. (Stapleton Dec. ¶ 6). These computers were located on employees' desks in addition to National City computers that were issued to each employee. *Id.* During employee interviews, it was revealed that these 14 non-National City computers and 2 non-National City servers were used by the Palos Heights employees when they worked for Legacy, and still were used by the employees when they worked for National City Bank, in addition to their National City issued computers. *Id.*

4. As a result of these findings, National City management personnel suspended the Plaintiffs and directed them to leave the Palos Heights location. (Stapleton Dec. ¶ 7). Among the items Plaintiffs left behind in the Palos Heights office when they were suspended are the 14 non-National City computers and 2 non-National City servers they used in performing work at the Palos Heights location.

5. Subsequent investigations revealed evidence that National City funds were used to pay invoices for a variety of Legacy's services, including advertising costs, utility expenses, and a Legacy golf outing. Based on these findings, and National City's conclusion that Plaintiffs continued to have an affiliation with Legacy and continued to perform work for Legacy while National City Bank employees, National City terminated Plaintiffs.

6. On July 8, 2008, Plaintiffs filed a Complaint in the Circuit Court of Cook County, Illinois asserting claims for conversion and theft of their personal property. Plaintiffs' Complaint seeks, among other things, return of the 14 computers and other items of personal property left on site after Plaintiffs were terminated. These items have remained at the Palos Heights location since June 6, 2008, guarded by security hired by National City.

7.      Defendants hereby seek an order to preserve and inspect any data on the 14 computers and 2 servers that remain at the Palos Heights location. It is well established in this Court that preservation orders may be issued to protect evidence from destruction. *See, e.g., Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 618 (N.D. Ill. 2001) (ordering preservation of computer information); *HJB, Inc. v. American Home Products Corp.*, 1994 WL 31005, *1 (N.D. Ill. 1994) (ordering preservation of all relevant documents relating to any issue raised by the pleadings); *In re Air Crash Disaster Near Chicago*, 90 F.R.D. 613, 615 (N.D. Ill. 1981) (acknowledging state court's order requiring preservation of all records relating to litigation). *See also MPCT Solutions Corp. v. Methe*, No. 99C3736, 1999 WL 495115 (N.D. Ill. July 2, 1999) (Kocoras, J.) (preliminary injunction granted as electronic discovery sanction for violation of preservation order in unfair competition dispute).

8.      A preservation order is necessary here because Plaintiffs' job responsibilities for National City Bank involved the solicitation of mortgage loan customers and the preparation of mortgage loan applications. Plaintiffs were required to use the computers at the Palos Heights location to enter financial data from National City clients and potential clients. Accordingly, these 14 computers and 2 servers contain valuable and confidential private financial data relating to National City applicants and customers, including but not limited to, checking, savings and credit card account information, outstanding debt and liabilities, social security numbers, and client contact information.

9.      Title V of the Gramm-Leach-Bliley Act (15 U.S.C. ¶ 6801 et seq.) requires financial institutions such as National City to ensure the protection and non-disclosure of confidential client information, such as that maintained on the 14 computers and 2 servers. Failure to do so constitutes a breach of National City's regulatory obligations and may make

them subject to substantial damages and penalties. In addition, National City must ensure that they have all data and information related to their clients in order to process their clients' mortgage loan applications and to fulfill their responsibilities to mortgage loan customers.

10. A preservation and inspection order is necessary for the additional reason that Plaintiff Steven Miller is the landlord for the office space leased by National City at 12800 South Ridgeland, Palos Heights, Illinois. Mr. Miller has threatened National City with eviction from the office space, which still houses the 14 computers and 2 servers.

11. National City's counsel has spoken with Plaintiffs' counsel on multiple occasions to try to resolve this matter consistent with National City's obligation to maintain the confidentiality of client information. In several discussions between counsel, National City requested that the parties agree to permit a third party to review the 14 computers and 2 servers to retrieve any confidential National City client information. Plaintiffs consistently have refused National City's request and instead filed the instant lawsuit.

12. In light of valuable and sensitive nature of the information stored on the computers, and National City's obligation to maintain the confidentiality of client information, National City hereby requests that this Court issue an Order directing the preservation of all data maintained on the 14 computer hard drives and 2 servers at the Palos Heights location. This includes, but is not limited to, hard drive data, ambient data, electronically stored data, and electronic mail messages. In addition, National City requests that this Court's Order allow the inspection and imaging of the 14 computers and 2 servers by a mutually agreed upon third party, thereby ensuring preservation of the computer content, until a determination is made as to the return of said computers and servers.

-6-

13. The requested Order is necessary to insure that National City can discover Plaintiffs' possession of National City client information and data as it existed at the filing of this lawsuit.

Wherefore, for the reasons discussed above, National City respectfully request that this Court grant its Motion for a Preservation and Inspection Order.

Dated: July 21, 2008                                       Respectfully submitted,

s/ Michael J. Gray
Michael J. Gray (IL Bar No. 06210880)
E-mail: mjgray@jonesday.com
Brent D. Knight (IL Bar No. 6251708)
E-mail: bknight @jonesday.com
Rheaana Towner Guess (IL Bar No. 6284151)
E-mail: rguess@jonesday.com
JONES DAY
77 West Wacker, Suite 3500
Chicago, IL  60601-1692
Telephone:    (312) 782-3939
Facsimile:    (312) 782-8585

Attorneys for Defendants
National City Corporation, National City Bank
and National City Mortgage Company

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **Defendants' Motion for a Preservation and Inspection Order** to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record on July 21, 2008.

>Alan Bruggerman
>Bruggerman, Hurst & Associates, PC
>20012 Wolf Road, Suite 200
>Mokena, Illinois, 60448

>s/ Rheaana Towner Guess
>Rheaana Towner Guess

CHI-1660255v1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVE MILLER, BILL WESLEY, JANE KRANZ, KATHI YARBOROUGH, SANTIAGO RESTREPO, JAMES SALVATORI, SCOTT LYNCH, MAUREEN SCHECHTMAN, KEVIN WILLIAMS, TERRY WARD, LIDIA BRAVO, LILIYA KRASILNIKOVA, TOM MARTELLO, CARLOS RESTREPO, LOUISE SKINIOTES, ALEXANDER SKINIOTES, BRIAN PATTERSON AND CLIFF ASBURY,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL CITY CORPORATION, NATIONAL CITY BANK D/B/A NATIONAL CITY MORTGAGE AND NATIONAL CITY MORTGAGE COMPANY,<br><br>Defendants. | Case No. 08-CV<br><br>Judge: Joan H. Lefkow<br><br>Magistrate Judge: Morton Denlow |

## DECLARATION OF STEVEN STAPLETON

I, Steven Stapleton, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a resident of Naperville, Illinois and currently I am employed by National City Bank as a Regional Manager for the Chicago, Illinois and Milwaukee, Wisconsin region. I have personal knowledge of the facts set forth in this declaration and could testify to them completely.

2. As National City Bank Regional Manager, I was involved with the opening of the National City Bank-National City Mortgage Division Palos Heights office located at

CHI-1660194v1

12800 South Ridgeland, Unit H, Palos Heights, Illinois in August of 2007. I was also involved in the hiring of a group of individuals, who formerly worked for Legacy Home Mortgage, also located at 12800 South Ridgeland Palos Heights, Illinois, to work for National City in a variety of positions including, but not limited to, loan originators. In the course of their job duties, these employees were required to, among other things, collect financial information from clients and potential clients, including bank statements, credit information, personal contact information, and debt and liability information.

3. In approximately the spring of 2008, National City began an investigation of employees, including Plaintiffs, at the Palos Heights location for suspected fraudulent mortgage practices. As part of the investigation, on or about June 6, 2008, I visited the Palos Heights location of National City Bank-National City Mortgage Division to inspect the property and interview the National City employees working at that location.

4. During my visit to the National City Palos Heights location, I observed that the Legacy Home Mortgage office continued to operate in the office space adjacent to National City.

5. While at the Palos Heights location, I also noticed that there was a walkway between the former Legacy office and National City's office. I also noticed that Legacy promotional marketing materials and letterhead were clearly visible throughout the office on tabletops and employee desks.

6. I also noticed that a number of employees had two computers on their desks. I could tell the computers were not issued by National City because they lacked the normal and customary National City stickers and markings. Through employee interviews, I later learned that these employees maintained two computers to facilitate their access to Legacy's databases.

CHI-1660194v1

7. As a result of these findings, National City management personnel suspended the Plaintiffs and directed them to leave the Palos Heights location.

8. This Declaration is voluntary. I have received no benefit for providing this Declaration and do not expect to receive any benefit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Steven Stapleton

Executed on July 21, 2008 at Downers Grove, Illinois.