IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVE MILLER, BILL WESLEY, JANE KRANZ, KATHI YARBOROUGH, SANTIAGO RESTREPO, JAMES SALVATORI, SCOTT LYNCH, MAUREEN SCHECHTMAN, KEVIN WILLIAMS, TERRY WARD, LIDIA BRAVO, LILIYA KRASILNIKOVA, TOM MARTELLO, CARLOS RESTREPO, LOUISE SKINIOTES, ALEXANDER SKINIOTES, BRIAN PATERSON, and CLIFF ASBURY, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL CITY CORPORATION, NATIONAL CITY BANK d/b/a NATIONAL CITY MORTGAGE, and, NATIONAL CITY MORTGAGE COMPANY, <br><br> Defendants. | Case No. 08C 4016 <br><br> Judge Joan Humphrey Lefkow <br><br> Magistrate Judge Morton Denlow |

**DEFENDANTS' VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants National City Corporation, National City Bank, improperly named in the Complaint as d/b/a National City Mortgage, and National City Mortgage Company, through their attorneys and in answer to Plaintiffs' Complaint, state as follows:

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiffs at all relevant times were employed by the Defendants in Palos Heights, Illinois 60463.

**ANSWER:** Defendants admit that Plaintiffs were employed by Defendant National City Bank at Defendant's branch office in Palos Heights, Illinois 60463. Answering further, Defendants state that some or all of the Plaintiffs, including Plaintiff Steve Miller, also performed work for a

CHI-1659880v2

company called Legacy Home Mortgage during the time they were employed by National City Bank.

      2.     Defendants, National City, at all relevant times operated a business at 12800 South Ridgeland Avenue, Unit H, Palos Heights, Illinois 60463.

**ANSWER:** Defendants admit that National City Bank operated a branch location at 12800 South Ridgeland Avenue, Palos Heights, Illinois. Defendants deny the remaining allegations of Paragraph 2.

### Jurisdiction/Venue

      3.     Jurisdiction is proper pursuant to 735 ILCS 5/2-209(a)(2) and 735 ILCS 5/2-209(b)(2), because the tortious act that is the subject of this Complaint occurred within this State, Defendants transact business within this State, and Defendants rent and use property within this State.

**ANSWER:** Defendants admit that jurisdiction is proper in the U.S. District Court for the Northern District of Illinois. Further, Defendants admit that National City Bank transacts business in Cook County, and that National City Bank rents and uses property in Cook County. Defendants deny any remaining allegations of Paragraph 3.

      4.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101(1) and (2), because the tortious act that is the subject of this Complaint occurred in Cook County, Defendants transacts business in Cook County, and Defendants rent and use property in Cook County.

**ANSWER:** Defendants admit that venue is proper in the U.S. District Court for the Northern District of Illinois, Eastern Division. Further, Defendants admit that National City Bank transacts business in Cook County, and that National City Bank rents and uses property in Cook County. Defendants deny any remaining allegations of Paragraph 4.

### Factual Background

      5.     Prior to June 6, 2008, Defendants, National City, operated a National City Mortgage branch location at 12800 South Ridgeland, Unit H, Palos Heights, Illinois 60463.

**ANSWER:** Defendants admit that National City Bank operated a branch office at 12800 South Ridgeland Avenue, Palos Heights, Illinois. Defendants deny any remaining allegations of Paragraph 5.

6. Prior to June 6, 2008, Defendants, National City, employed the Plaintiffs to work at said National City Mortgage location in Palos Heights, Illinois.

**ANSWER:** Defendants admit National City Bank employed Plaintiffs at its branch location in Palos Heights, Illinois. Defendants deny the remaining allegations of Paragraph 6.

7. On or about June 6, 2008, Defendants, National City, suspended the Plaintiffs without notice or just cause.

**ANSWER:** Defendants admit that National City Bank suspended and then terminated Plaintiffs. Defendants deny the remaining allegations of Paragraph 7.

8. On or about June 6, 2008, Defendants, National City, changed the locks at said National City Mortgage location in Palos Heights, Illinois.

**ANSWER:** Defendants admit that, as a result of its investigation, National City Bank changed the locks at its branch location in Palos Heights, Illinois and made Plaintiffs' personal property available for them to retrieve at National City Bank's Palos Heights location. Further answering, Defendants state that some of the Plaintiffs availed themselves of the opportunity to retrieve their personal items.

9. On or about June 6, 2008, Defendants, National City, denied the Plaintiffs access to the National City Mortgage location in Palos Heights, Illinois.

**ANSWER:** Defendants deny the allegations of Paragraph 9.

10. On or about June 9, 2008, Defendants, National City, took down the signs at said National City Mortgage location in Palos Heights, Illinois, and removed certain items from within the offices at said location, including personal property of the Plaintiffs.

**ANSWER:** Defendants admit that National City Bank took down its sign at its branch location in Palos Heights, Illinois. Defendants further admit that, to the extent certain personal items inadvertently may have been removed in the course of protecting and segregating National

City Bank's files and property, they were immediately returned and made available to the Plaintiffs at the Palos Heights location. Defendants deny the remaining allegations of Paragraph 10.

### Count I - Conversion

11.　The Plaintiffs reallege and incorporate Paragraphs 1 through 10 of this Complaint as Paragraph 11 of Count I, as though fully set forth herein.

**ANSWER:**　Defendants incorporate their answers and responses to paragraphs 1 through 10 as their response to Paragraph 11.

12.　On or about June 6, 2008 and June 9, 2008, Defendants, National City, took possession of property at said National City Mortgage location in Palos Heights, Illinois, including, on information and belief, file cabinets, computers, phones, copy machines, printers and fax machines.

**ANSWER:**　Defendants deny the allegations of Paragraph 12.

13.　On or about June 6, 2008 and June 9, 2008, Defendants, National City, also took possession of various personal items of the Plaintiffs, including personal business files and personal computers.

**ANSWER:**　Defendants deny the allegations of Paragraph 13.

14.　Much of the property Defendants, National City, have taken possession of does not belong to National City, including the Plaintiffs' business files and personal computers.

**ANSWER:**　Defendants deny the allegations of Paragraph 14.

15.　Plaintiffs have not authorized Defendants, National City, to take, use, possess or control the above-mentioned property.

**ANSWER:**　Defendants deny the allegations of Paragraph 15.

16.　On or about June 26, 2008, Plaintiffs demanded the immediate return of the above-mentioned property, including their personal computers, but Defendants failed and refused, and continue to fail and refuse to return the entirety of this property, including the personal computers, to Plaintiffs. A copy of Plaintiffs' written demand for return of the property is attached hereto as Exhibit 1 and made a part hereof.

**ANSWER:**   Defendants admit that on or about June 26, 2008, Plaintiffs sent written correspondence requesting return of personal items. Defendants deny the remaining allegations of Paragraph 16.

　　WHEREFORE, Plaintiffs set forth above, pray that this Court enter judgment in their favor, and against Defendants, National City, in an amount not exceeding $50,000.00, and order the Defendants to immediately return the property mentioned above, including Plaintiffs' personal computers, together with costs and such other and further relief as this Court deems just.

**ANSWER:**   Defendants deny the allegations of the "Wherefore" paragraph and further deny that Plaintiffs are entitled to judgment against Defendants and to any of the relief they request.

### Count II - Theft

　　17.　The Plaintiffs reallege and incorporate Paragraphs 1 through 10 of this Complaint as Paragraph 17 of Count II, as though fully set forth herein.

**ANSWER:**   Defendants incorporate its answers and responses to paragraphs 1 through 10 as their response to Paragraph 17.

　　18.　On or about June 6, 2008 and June 9, 2008, Defendants, National City, took possession of property at said National City Mortgage location in Palos Heights, Illinois, including, on information and belief, file cabinets, computers, phones, copy machines, printers and fax machines.

**ANSWER:**   Defendants deny the allegations of Paragraph 18.

　　19.　On or about June 6, 2008 and June 9, 2008, Defendants, National City, also took possession of various personal items of the Plaintiffs, including personal business files and personal computers.

**ANSWER:**   Defendants deny the allegations of Paragraph 19.

　　20.　Much of the property Defendants, National City, have taken possession of does not belong to National City Bank, including the Plaintiffs' business files and personal computers.

**ANSWER:**   Defendants deny the allegations of Paragraph 20.

　　21.　Plaintiffs have not authorized Defendants, National City, to take, use, possess or control the above-mentioned property.

**ANSWER:**   Defendants deny the allegations of Paragraph 21.

22. Defendants have deprived the Plaintiffs of the value and use of their property.

**ANSWER:** Defendants deny the allegations of Paragraph 22.

23. On information and belief, Defendants intend to use the unlawfully obtained property of the Plaintiffs for its own personal use and benefit.

**ANSWER:** Defendants deny the allegations of Paragraph 23.

24. On or about June 26, 2008, Plaintiffs demanded the immediate return of the above-mentioned property, including their personal computers, but Defendants failed and refused, and continue to fail and refuse to return the entirety of this property, including the personal computers, to Plaintiffs. A copy of Plaintiffs' written demand for return of the property is attached hereto as Exhibit 1 and made a part hereof.

**ANSWER:** Defendants admit that on or about June 26, 2008, Plaintiffs sent written correspondence to Defendants requesting return of personal items. Defendants deny the remaining allegations of Paragraph 24.

WHEREFORE, Plaintiffs set forth above, pray that this Court enter judgment in their favor, and against Defendants, National City, in an amount not exceeding $50,000.00, and order the Defendants to immediately return the property mentioned above, including Plaintiffs' personal computers, together with costs and such other and further relief as this Court deems just.

**ANSWER:** Defendants deny the allegations of the "Wherefore" paragraph and further deny that Plaintiffs are entitled to judgment against Defendants and to any of the relief they request.

### AFFIRMATIVE DEFENSES

1. The complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiffs are barred, in whole or in part, by the doctrine of unclean hands because Plaintiffs are guilty of misconduct in connection with the subject matter of this litigation, in particular the computers located at National City Bank's branch location at 12800 South Ridgeland, Unit H, Palos Heights, Illinois 60463, which contain confidential information belonging to National City Bank's clients.

3.  Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, and estoppel in light of their misconduct and failure to abide by National City policies and practices.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief prayed for in their Complaint, in whole or in part, or any other relief. Defendants pray that judgment be granted in their favor and any other relief that the Court deems appropriate.

DATED: July 29, 2008

Respectfully submitted,

s/ Michael J. Gray
Michael J. Gray (IL Bar No. 06210880)
E-mail: mjgray@jonesday.com
Brent D. Knight (IL Bar No. 6251708)
E-mail: bknight @jonesday.com
Rheaana Towner Guess (IL Bar No. 6284151)
E-mail: rguess@jonesday.com
JONES DAY
77 West Wacker, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Attorneys for Defendants

## VERIFICATION

I, Steven Stapleton, verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct best of my knowledge. I am employed by National City Bank as a Regional Manager for the Chicago, Illinois and Milwaukee, Wisconsin region, I have read the foregoing Answer to Plaintiffs' Complaint, and the matters stated in the Answer are true.

_____
Steven Stapleton
National City Bank
Regional Manager,
Chicago, Illinois and Milwaukee, Wisconsin Region

Subscribed and sworn to before me

this 29th day of July 2008.

_____
Notary Public

[OFFICIAL SEAL
SANDRA M DURANTE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES]

CHI-1661560v1

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **Defendants' Verified Answer and Affirmative Defenses to Complaint** to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record on July 29, 2008.

> Alan Bruggerman
> Bruggerman, Hurst & Associates, PC
> 20012 Wolf Road, Suite 200
> Mokena, Illinois, 60448


                                        s/ Rheaana Towner Guess

CHI-1659880v2